102 So.2d 32

Harland H. HAMBRICK

v.

STATE.

8 Div. 82.

Court of Appeals of Alabama.

April 8, 1958.

W. A. Barnett, Florence, for appellant.

John Patterson, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for the State.

CATES, Judge.

Hambrick, tried to a jury on a misdemeanor warrant and affidavit, was, on November 12, 1956, found guilty of driving while intoxicated and fined $100 and costs. His motion for a new trial having been overruled, he submitted his appeal here on May 30, 1957.

The evidence for the State tended to show:

Early in the morning (1:00 or 2:00 A. M.) June 15, 1956, Johnnie C. Hill and Garland Hill, brothers, who lived in Lauderdale County alongside State Highway 101, were awakened by a noise out doors. Coming out of the house they discovered Hambrick at the wheel of his florist's panel truck, trying to back it from the Hills' garden. Tracks over 100 yards long led from the truck to the highway. From these tracks the jury could have inferred the driver of the truck had let it (1) leave the road in a northerly direction, (2) cross a ditch, (3) plunge through two wire fences, (4) run over the Hills' front lawn where it hit Garland Hill's parked car, (5) break through another fence, and (6) come to rest in the garden.

The truck had its left front tire "down."

Hambrick smelled of alcohol and was staggering. The Hills were both of the opinion that he was intoxicated. The arresting Highway Patrolman testified that in making out his investigation report he asked Hambrick who was driving at the time the vehicle left the road: Hambrick told him that he was the driver.

Hambrick, who lived and worked in Moulton, Alabama, took the stand and the gist of his defense (which was in some measure corroborated by two other witnesses) went as follows:

"A. Well, I had a funeral in Tuscumbia, to start with, late that afternoon, and then I came to Sheffield and stopped and had a sandwich and messed around and talked to first one and then another and then I drove out later that night to Topper's Cafe and stopped and ate a sandwich again.

"Q. Did you drink any beer? A. I believe I drank one beer, and that was the only beer I had had. I was feeling sick when I left home, and I was just getting worse, so I went out front of the Topper's Cafe and three or four or maybe five colored people were out there, and I asked them if one of them would drive me home, and one of them said that he would.

"Q. Did you then make arrangements for him to drive you home? A. I said, 'How much will you charge me?', and he said 'What will you give me?', and I said, 'Will five dollars be enough and I will send you back?', and he said, 'You have got a deal', so he had something in a sack in his hand, and I don't know what was in the sack, and he got under the steering wheel, and we pulled off and started home, after I showed him how to crank it up. When we got over to Elgin Cross-Roads he said he wanted to go on up to Lexington a few minutes, and did I mind, and I told him I didn't mind for him to go ahead, and on the way to Lexington I guess I was about half asleep when the tire blew out and I woke up, and just about that time I hit my head against the door post of the car, and we went at an angle across the edge of the yard, and up into the field or garden and stopped, and that is about the only thing I knew about it."

The conflict of testimony made out a jury question.

One question only need be treated here. On cross-examination of a defense character witness, the transcript of evidence shows:

"Q. You have recently paid a fine in this Court for the same thing this man is charged with, haven't you?

"By Mr. Barnett: We object to that. It is illegal, irrelevant and immaterial.

"By The Court: I overrule the objection.

"By Mr. Barnett: We except.

"By The Witness:

"A. I guess I have.

"Q. You pleaded guilty on the second count and paid a fine for Reckless Driving? A. Yes, sir.

"Q. And served three days in jail for drinking? A. Yes, sir.

"By The Court: Mr. Rucker, I would like to tell you, at this time, that you will have to get that thing finished out before the 19th. You will probably be gone before we finish here—before we get through, and you are behind with your payments.

"By Mr. Barnett: We reserve an exception to the remarks of the court. They were highly prejudicial, and due to the highly prejudicial remarks of the court, we move at this time that the court declare a mis-trial and this case be continued.

"By The Court: I overrule the motion. Let the record show that the statement was made by the court, after the defendant put on the stand a witness to testify as to his good character, and the question that the solici-

tor asked, 'Had he recently paid a fine for the same thing', had been asked, and it does not involve anything at all in the case except his credibility as a witness. It has nothing to do with the guilt or innocence of the defendant, and the court allowed that in evidence, and in view of the fact that the witness is here, and we are trying this case and he will probably be gone before we finish here, and the statement the court made to him didn't involve this case on either side, but was a personal matter between the court and this witness about another case where the court had allowed him to make payments and he is behind in them, and I merely told him he would have to get it out by November 19th, which is the next call of the docket.

"By Mr. Barnett: We reserve an exception to that statement, and renew our motion, due to that additional statement, that this cause be continued and a mis-trial be declared.

"By The Court: I overrule the motion.

"By Mr. Barnett: We except."

This incident, including the rulings of the court, were also raised by Hambrick in his motion for a new trial.

We hold this admonition by the trial judge, which was made in the presence of the jury, to be prejudicial error requiring a reversal of the judgment below. While it may be said that the importance of the testimony of this witness is of a minor degree, yet we cannot say his testimony might not have generated a reasonable doubt of the defendant's guilt. See Louisville & N. R. Co. v. Martin, 240 Ala. 124, 198 So. 141.

The judgment below is reversed and this cause is remanded for a new trial.

Reversed and remanded.